COPY

Honorable Forrester Hancock
Criminal District Attorney
Waxahachie, Texas

Dear Sir:

Opinion No. O-3117
Re: Whether deed of trust exe-
cuted by a joint stock land
bank to secure bonds issued
in refunding farm loan bonds
is subject to the stamp tax
levied by Art. 7047, Vern-
on's Annotated Civil Stat-
utes.

In your letter of February 1, 1941, you request our
opinion in response to the following question:

"Where a Joint Stock Land Bank, with a char-
ter from the Farm Credit Administration in Washing-
ton, in refunding all or part of its bonds
issued pursuant to Title 12, U. S. Code
Annotated, Section 821, gives a mortgage on its
real estate (a separate deed of trust on each
tract) to secure the new mortgage or bond issue
used to refund the old bond; are the new deeds
of trust subject to the documentary or stamp
tax provided for in Article 7047-E Revised
Civil Statutes for 1925, or are the same exempt
under the Federal Statutes exempting Joint Stock
Land Banks from certain taxation by Federal,
State, or Municipal authorities?"

The first paragraph in Section 1, Article 7047e, Ver-
non's Annotated Civil Statutes, reads as follows:

"(a) Except as herein otherwise provided
there is hereby levied and assessed a tax of
Ten (10¢) Cents on each One Hundred ($100.00)
Dollars or fraction thereof, over the first Two

Hundred ($200.00) Dollars, on all notes and obligations secured by chattel mortgage, deed of trust, mechanic's lien contract, vendor's lien, conditional sales contract and all instruments of a similar nature which are filed or recorded in the office of the County Clerk under the Registration Laws of this State; provided that no tax shall be levied on instruments securing an amount of Two Hundred ($200.00) Dollars, or less. After the effective date of this Act, except as hereinafter provided, no such instrument shall be filed or recorded by any County Clerk in this State until there has been affixed to such instrument stamps in accordance with the provisions of this section; providing further that should the instrument filed in the office of the County Clerk be security of an obligation that has property pledged as security in a State or States other than Texas, the tax shall be based upon the reasonable cash value of all property pledged in Texas in the proportion that said property in Texas bears to the total value of the property securing the obligation; and, providing further that, except as to renewals of extensions of accrued interest, the provisions of this section shall not apply to instruments given in renewal or extensions of instruments theretofore stamped under the provisions of this Act or the one amended hereby, and shall not apply to instruments given in the refunding of existing bonds or obligations where the preceding instrument of security was stamped in accordance with this Act or the one amended hereby; provided further that the tax levied in this Act shall apply to only one instrument, the one of the greatest denomination, where several instruments are contemporaneously executed to secure one obligation; and provided further that when once stamped as provided herein, an instrument may be recorded in any number of counties in this State without again being so stamped. This section shall not apply to instruments, makes, or other obligations taken by or in behalf of the United States or of the State of Texas, or any corporate agency or instrumentality of the United States, or of the State of Texas in carrying out a governmental purpose as expressed in any Act of the Congress of the United States or of the

Legislature of the State of Texas, nor shall
the provisions of this section apply to obli-
gations or instruments secured by liens on
crops and farm or agricultural products, or
to livestock or farm implements, or an abstract
of judgment. "

Under the facts which you submit neither the trust-
ee nor the holders of the bonds secured by the deed of trust
are agencies or instrumentalities of either the United States
or the State of Texas. It is noted that the above Act con-
tains no exemption for instruments made by agencies of the
United States or of the State of Texas, but the exemption is
confined to instruments taken by or on behalf of such agencies
and instrumentalities. Hence, if the deed of trust mentioned
in your letter is to be recorded without being stamped, its
exemption from the tax must be found elsewhere.

Section 931, Title 12, U. S. C. A., reads as follows:

"Every Federal land bank and every national
farm loan association, including the capital and
reserve or surplus therein and the income derived
therefrom, shall be exempt from Federal, State,
municipal, and local taxation, except taxes upon
real estate held, purchased, or taken by said bank
or association under the provisions of sections
761 and 781 of this Chapter. First mortgages ex-
ecuted to Federal Land banks, or to joint stock
land banks, and farm loan bonds issued under the
provisions of this chapter, shall be deemed and
held to be instrumentalities of the Government of
the United States, and as such they and the in-
come derived therefrom shall be exempt from Fed-
eral, State, municipal, and local taxation."

Section 810, Title 12, U.S.C.A., provided as follows:

"After May 12, 1933, no joint stock land
bank shall issue any tax-exempt bonds or make
any farm loans except such as are necessary
and incidental to the refinancing of existing
loans or bond issues or to the sale of any
real estate now owned or hereafter ac uired
by such bank."

In the body of your letter you advise us the bonds so refunded were issued under Sections 811 to 823, Title 12, U.S.C.A., thereby making it plain that the same were farm loan bonds as mentioned in Section 931. If the claim for exemption depended only upon the fact that the joint stock land bank is an agent or instrumentality of the United States, it would be our view that the instrument would have to be stamped, since the statute does not impose the tax upon the mortgagor but it rather falls to the lot of the mortgagee. City of Abilene vs. Fryar, 143 S.W. (2d), 654. However, it is expressly provided in Section 931 that farm loan bonds themselves shall be deemed and held to be instrumentalities of the Government of the United States. It was held in the case of Smith vs. Kansas City Title and Trust Company, 255 U.S. 180, 65 L. Ed. 577, that joint stock land banks are Federal agencies and that the provision of Section 931 that farm loan bonds issued by such banks are instrumentalities of the government of the United States and exempt from taxation is valid. True, the levy made by Article 7047 e is in the nature of a privilege tax as indicated in the Fryar case, supra, and is not a tax upon the instruments secured, which would be the bonds in this case. However, the burden of the tax would be a direct one upon said bonds, since the recording of the deed of trust securing them is necessary to guard the bonds against the claims and rights of innocent purchasers. See Federal Land Bank vs. Crosland, 261 U.S. 374, 67 L. Ed. 703. Section 810, quoted above, preserves the character of these bonds as refinanced or refunded. In our opinion, the deed of trust should be accepted by the clerk to be recorded without being stamped.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

/s/ Glenn R. Lewis

Glenn R. Lewis
Assistant

GRL:js

APPROVED FEB 12, 1941

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion
committee
By B. W. B.
chairman